```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 18-CIV-60015-SCOLA
                              MAGISTRATE JUDGE P.A. WHITE
```

BRANDON SAMUEL PRIEST,

    Plaintiff,

v.                            REPORT RE DISMISSAL OF
                               COMPLAINT-28 U.S.C. §1915(g)
KASHA RICHMAN, et al.,

    Defendant(s).
_____/

## I. Introduction

Brandon Samuel Priest has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. §1983. (DE#1). He has not yet filed an application to proceed *in forma pauperis* pursuant to the provisions of 28 U.S.C. §1915.

## II. Discussion

Section 1915(g) of Title 28 of the United States Code provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The above subdivision is commonly known as the "three strikes" provision. Owens v. Schwartz, 519 F. App'x 992, 993-94 (11th Cir. 2013). "Strikes" are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim. Id. Pursuant to §1915(g), a prisoner with three strikes or more,

generally cannot proceed *in forma pauperis*.  See Howard v. Kraus, 642 F. App'x 940, 943-44 (11th Cir. 2016)  see also, Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007)(Under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]").

The constitutionality of this section has been comprehensively explored and upheld by the Eleventh Circuit Court of Appeals, Rivera v. Allin, 144 F.3d 719 (11th Cir. 1998), abrogated on other grounds by Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007)(internal citations omitted).  There, the Court held that the new "three strikes" IFP provision does not violate the First Amendment right of access to the court; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or, the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment.

While not all unsuccessful cases filed by prisoners qualify as strikes under 28 U.S.C. §1915(g), here the plaintiff has filed the following prior civil lawsuits which meet the criteria for a strike pursuant to 28 U.S.C. §1915(g): **Priest v. Broward Sheriff's Office**, 16-CV-60632-COHN (dismissed as frivolous and for failure to state a claim under Section 1915(e) on May 5, 2016); **Priest v. Frazier Destiny, et al.**, 16-CV-60924-GAYLES (dismissed as frivolous and for failure to state a claim under Section 1915(e) on May 31, 2016); and **Priest v. State Attorney, et al.**, 16-CV-61266-COOKE (dismissed as frivolous and for failure to state a claim under Section 1915(e) on December 19, 2016). These cases are "strikes" for purposes of the PLRA. See 28 U.S.C. § 1915(e)(2)(B)(ii) (dismissal for failure to state a claim upon which relief can be granted counts as a strike).

2

Thus, Plaintiff is barred from proceeding *in forma pauperis* in this Court unless he can show that he is under imminent danger of serious physical injury. The Eleventh Circuit has held that in order to meet this exception, "the complaint, as a whole, [must] allege[] imminent danger of serious physical injury." Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004). The issue is whether the plaintiff falls within the exception to the statute, imminent danger of serious physical injury at the time of filing the lawsuit. See Medberry v. Butler, 185 F.3d 1189 (11th Cir. 1999) (prison officials deliberately indifferent to plaintiff's safety by placing him in dangerous situation, causing prisoner to fear for his life, which ceased at the time of filing, fails to demonstrate imminent danger).

Full and careful review of the Complaint in this case indicates that the plaintiff is not entitled to proceed *in forma pauperis* under the "imminent danger" exception. See DE#1. Plaintiff, being well aware that he is a 3-striker,[1] alleges that he is not receiving medical treatment for an alleged ruptured tendon in his hand. This might state, at best, a garden-variety claim of deliberate indifference to serious medical needs. Therefore, since Plaintiff has not made any factual allegations to support a finding that he was in imminent danger of serious injury at the time of filing, dismissal of the instant civil rights action is appropriate.

As the statute provides that the filing fee must be paid at the time the suit is initiated, and only precludes the plaintiff from proceeding *in forma pauperis*, it is recommended that the dismissal be without prejudice to the plaintiff to file a new

---

[1] A search of the Court's docket reveals that Plaintiff has filed seven (7) § 1983 actions in this Court in the past eight (8) months alone, all of which have been dismissed pursuant to the PLRA's 3-strikes provision: 17-CV-60756-BB; 17-CV-60805-KMM; 17-CV-60977-BB; 17-CV-61183-JIC; 17-CV-61526-WPD; 17-CV-61821-KMW; 17-CV-62069-MGC.

complaint accompanied by payment of the full filing fee of $350.00. See Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002). Plaintiff should be aware that all civil lawsuits brought by prisoners seeking relief from a governmental entity, officer, or employee are subject to screening pursuant to 28 U.S.C. §1915A, even those lawsuits in which the full filing fee is paid at the time of filing. See Green v. Young, 454 F.3d 405, 407 (4th Cir. 2006).

### III.   Recommendation

Based upon the foregoing, it is recommended that the complaint be dismissed without prejudice pursuant to 28 U.S.C. §1915(g).

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar plaintiff from a *de novo* determination by the district judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district judge except upon grounds of plain error or manifest injustice. See 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790,794 (1989); LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

Signed this 5th day of January, 2018.

_____
UNITED STATES MAGISTRATE JUDGE

Brandon Samuel Priest, III
231700535
Broward County Main Jail
Inmate Mail/Parcels
Post Office Box 9356
Fort Lauderdale, FL 33310